**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| **JAMES MOYER** | : | |
| 320 E. Oakwood St. | : | |
| Bradford, OH 45308 | : | |
| | : | |
| and | : | |
| | : | |
| **KAREN MOYER** | : | |
| 320 E. Oakwood St. | : | **Case No. 3:19-cv-198** |
| Bradford, OH 45308 | : | |
| | : | |
| **Plaintiffs, for themselves,** | : | |
| **and all others similarly situated,** | : | |
| | : | **Judge** |
| v. | : | |
| | : | |
| **INTEGRITY SERVICE GROUP, LLC** | : | |
| Serve Statutory Agent: | : | **Jury Demand Endorsed Hereon** |
| Deanna Church | : | |
| 96 Black Oak Drive | : | |
| West Milton, OH 45383 | : | |
| | : | |
| **DEANNA CHURCH** | : | |
| 96 Black Oak Drive | : | |
| West Milton, OH 45383 | : | |
| | : | |
| and | : | |
| | : | |
| **REX CHURCH** | : | |
| 96 Black Oak Drive | : | |
| West Milton, OH 45383 | : | |
| | : | |
| **Defendants.** | : | |

## <u>COMPLAINT</u>

NOW COME Plaintiffs James Moyer and Karen Moyer ("Plaintiffs" or "Named Plaintiffs"), individually and on behalf of other members of the general public similarly situated, and proffer this Complaint for damages against Defendants Integrity Service Group, LLC, Deanna Church, and Rex Church (collectively "Defendants").

## JURISDICTION AND VENUE

1.   This action is brought pursuant to the Fair Labor Standards Act ("the FLSA"), 29 U.S.C.

§201, *et seq*., and Ohio Minimum Fair Wage Standards Act, O.R.C. Chapter 4111.03 ("Chapter

4111").

2.   Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331 which provides for original

jurisdiction of Plaintiffs' claims arising under the law of the United States.

3.   This Court has jurisdiction over Plaintiffs' claims under the statutory law of Ohio pursuant

to supplemental jurisdiction as codified at 28 U.S.C. § 1367.

4.   Venue is proper in this forum pursuant to 28 U.S.C. §1391 because Plaintiffs entered into

an employment relationship with Defendants in the Southern District of Ohio and performed their

job duties there and Defendants are doing and have done substantial business in the Southern

District of Ohio.

## THE PARTIES

5.   Plaintiff James Moyer is an individual, a United States citizen, and a resident of the state

of Ohio.

6.   Plaintiff Karen Moyer is an individual, a United States citizen, and a resident of the state

of Ohio.

7.   At all times relevant herein, Plaintiffs and those similarly situated were "employees" of

Defendants as that term is defined in the FLSA and Chapter 4111.

8.   Defendant Integrity Service Group, LLC is an Ohio limited liability company doing

business in the Southern District of Ohio.

9.   Defendants Deanna Church and Rex Church are the owners of Defendant Integrity Service

Group, LLC.

2

10. At all times relevant herein, Defendants were covered "employers" as that term is defined in the FLSA and Chapter 4111.

11. At all times relevant to this action, Defendants were engaged in commerce or in the production of goods for commerce, and/or the business activities of Defendants constituted an enterprise engaged in commerce within the meaning of the FLSA.

12. Defendants are and have been, jointly and individually, "employers" as that term is defined by the FLSA and Chapter 4111.

13. During relevant times, Defendants Deanna Church and Rex Church had the authority to hire, fire, and discipline employees, including Plaintiffs and those similarly situated.

14. During relevant times, Defendants Deanna Church and Rex Church had the authority to set rates and methods of compensation of employees, including Plaintiffs and those similarly situated.

15. During relevant times, Defendants Deanna Church and Rex Church had the authority to control the work schedules and employment conditions of employees, including Plaintiffs and those similarly situated.

16. During relevant times, Defendants Deanna Church and Rex Church had ultimate authority and control of employment records of employees, including Plaintiffs and those similarly situated.

17. During relevant times, Defendants have mutually benefitted from the work performed by employees, including Plaintiffs and those similarly situated.

18. During relevant times, Defendants have not acted entirely independently of each other and have not been completely disassociated with respect to employees, including Plaintiffs and those similarly situated.

3

19. During relevant times, Defendants shared the services of employees, including Plaintiffs and those similarly situated.

20. During relevant times, Defendants acted directly or indirectly in the interest of each other in relation to employees, including Plaintiffs and those similarly situated.

21. Upon information and belief, Defendants' employees were engaged in interstate commerce and Defendants have annual gross volume sales and/or business in an amount not less than $500,000.00.

22. Plaintiffs bring this action on their own behalf and on behalf of those similarly situated, and Plaintiffs have given written consent to bring this action to collect unpaid overtime and other unpaid compensation under the FLSA. The consent forms are being filed along with the Complaint pursuant to 29 U.S.C. § 216(b). (Attached as Exhibit A).

## FACTUAL BACKGROUND

23. Plaintiff James Moyer began working for Defendants as a janitor in or around March 2007.

24. Plaintiff Karen Moyer began working for Defendants as a janitor in or around August 2012.

25. From the beginning of their employments through December 31, 2017, Defendants did not pay Plaintiffs one-and-one-half times their regular rate of pay for hours worked over 40 hours per workweek. Defendants paid Plaintiffs an hourly rate which was constant regardless of the number of hours worked by Plaintiffs per workweek.

26. From June 28, 2016 to December 31, 2017, Plaintiff James Moyer worked, on average, over 40 hours per workweek.

27. From June 28, 2016 to December 31, 2017, Plaintiff Karen Moyer worked, on average, over 40 hours per workweek.

4

28. In or around January 2018, Defendants began paying Plaintiffs on a salary basis. Plaintiffs' salaries were to compensate Plaintiffs for a 40-hour workweek.

29. Following this change in the method of payment, Plaintiffs continued to work, on average, over 40 hours per workweek.

30. After January 2018, Defendants did not issue any payments to Plaintiffs to compensate them for any hours worked over 40 per workweek.

31. From January 2018 until November 1, 2018, Plaintiff Karen Moyer was, in addition to her other duties, required to process calls from Defendants' employees identifying their start and end times for each workday.

32. During her employment with Defendants, Plaintiff Karen Moyer processed calls for between 30 and 60 of Defendants' employees.

33. As a result of processing these calls, Plaintiff Karen Moyer is aware of the hours worked by many of Defendants' employees during her employment with Defendants.

34. Through conversations with various employees of Defendants, Plaintiff Karen Moyer was aware that many of Defendants' employees were also working hours for which they were not being compensated.

35. As a result, Plaintiff Karen Moyer was aware that many of Defendants' employees were working for more than 40 hours per week, but were not being compensated for all of those hours, some of which entitled the employees to premium overtime payments.

36. Plaintiff Karen Moyer's time spent processing calls from Defendants' employees was not tracked or recorded by Defendants.

37. Plaintiff Karen Moyer worked an average of over 40 hours per workweek from January 2018 to January 31, 2019.

5

38. Plaintiff James Moyer worked an average of over 40 hours per workweek from January 2018 to January 31, 2019.

39. Plaintiffs made several requests to Defendant Deanna Church for overtime pay beginning in 2017 and as recently as November 2018.

40. Despite Plaintiffs' repeated requests to Defendant Deanna Church, Defendants did not provide Plaintiffs with overtime payments.

41. Upon information and belief, Defendants were informed by one of their clients that Defendants were violating the law by not providing Plaintiffs with overtime payments.

42. Defendant Deanna Church stated in a text message that a contact person for Defendants' client informed her that he would "report [Defendants] if [they] don't pay overtime".

43. During relevant times, Defendants suffered and permitted Plaintiffs to work more than 40 hours per workweek, while not compensating them for all such hours worked over 40 at a rate of at least one and one-half times their regular rates.

44. Upon information and belief, Defendants, at all times relevant hereto, were fully aware of the fact that they were legally required to comply with the wage and overtime laws of the United States and of the State of Ohio as well as recordkeeping laws of the State of Ohio.

45. During relevant times, Defendants had knowledge of and acted willfully in regard to their conduct described herein.

46. Defendants are in possession and control of necessary documents and information from which Plaintiffs would be able to precisely calculate damages.

47. Plaintiffs resigned their employment with Defendants on January 31, 2019.

## COLLECTIVE ALLEGATIONS

48.  The Named Plaintiffs bring their FLSA claim pursuant to 29 U.S.C. § 216(b) as a representative action on behalf of themselves and all other Similarly Situated Persons ("SSPs") of the opt-in class, consisting of:

> All current and former employees of Defendants who have worked as janitors, and who worked over 40 hours in any workweek beginning June 28, 2016 through the present and were not paid time and a half for the hours they worked over 40 (the "216(b) Collective" or the "216(b) Collective Members").

49.  Upon information and belief, there are between 30 and 60 similarly situated individuals.

50.  This FLSA claim is brought as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for overtime compensation, compensation withheld in violation of the FLSA, liquidated damages and attorneys' fees under the FLSA. In addition to Named Plaintiffs, numerous putative 216(b) Collective Members have been denied proper overtime compensation due to Defendants' company-wide payroll policies and practices. The Named Plaintiffs are representative of those other similarly situated employees and are acting on behalf of their interests as well as their own in bringing this action.

51.  The identities of the putative 216(b) Collective Members are known to Defendants and are readily identifiable through Defendants' payroll records. These individuals may readily be notified of this action, and allowed to opt into it pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA

## FIRST CAUSE OF ACTION
**FLSA, 29 U.S.C. §201, *et seq*.**
**Failure to Pay Overtime**

52.  All of the preceding paragraphs are realleged as if fully rewritten herein.

7

53. This claim is brought as part of a collective action by the Plaintiffs on behalf of themselves and all other SSPs

54. The FLSA requires that employees receive overtime compensation for hours worked in excess of 40 per week. 29 U.S.C. § 207(a)(1).

55. During their employments with Defendants, Plaintiffs and the SSPs worked in non-exempt positions and were therefore not exempt from receiving overtime payments.

56. From June 28, 2016 to December 31, 2017, Plaintiff James Moyer was paid on an hourly basis and was therefore not exempt from receiving overtime payments.

57. From January 1, 2018 to January 31, 2019, Plaintiff James Moyer worked in a non-exempt position and was therefore not exempt from receiving overtime payments.

58. From June 28, 2016 to December 31, 2017, Plaintiff Karen Moyer was paid on an hourly basis and was therefore not exempt from receiving overtime payments.

59. From January 1, 2018 to January 31, 2019, Plaintiff Karen Moyer worked in a non-exempt position and was therefore not exempt from receiving overtime payments.

60. From June 28, 2016 to December 31, 2017, Plaintiffs and the SSPs were not paid an overtime premium for all hours worked over 40 in a workweek for Defendants.

61. From January 1, 2018 to January 31, 2019, Plaintiffs and the SSPs were not issued any payments for hours worked over 40 in a workweek for Defendants.

62. Defendants were aware that Plaintiffs and the SSPs were working significantly more than 40 hours per workweek but were not receiving proper overtime compensation for hours worked in excess of 40 per week.

63. Defendants knew or should have known that they were required to provide Plaintiffs and the SSPs with premium payments for hours worked over 40 per workweek.

8

64. The exact total amount of compensation, including overtime compensation, that Defendants have failed to pay Plaintiffs and the SSPs is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendants or were not kept by Defendants.

65. As a direct and proximate result of Defendants' conduct, Plaintiffs and the SSPs have suffered and continue to suffer damages.  Plaintiffs and the SSPs seek unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available under the FLSA.

<u>**SECOND CAUSE OF ACTION**</u>
**OMFWSA O.R.C. § 4111, *et seq.* -**
**Failure to Pay Overtime**

66. All of the preceding paragraphs are realleged as if fully rewritten herein.

67. This claim is brought under Ohio Law.

68. Defendants' repeated and knowing failure to pay Plaintiffs and the SSPs Ohio overtime wages for hours worked in excess of 40 per week, were violations of Chapter 4111 and, as such, Defendants willfully withheld and failed to pay the overtime compensation to which Plaintiffs are entitled.

69. For Defendants' violations of Chapter 4111, by which Plaintiffs and the SSPs have suffered and continue to suffer damages, Plaintiffs and the SSPs seek unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available under Chapter 4111.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs request judgment against Defendants, jointly and individually, for an Order:

A. Certifying the proposed FLSA collective action;

B. Directing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the SSPs apprising them of the pendency of this action, and permitting them to timely assert their rights under the FLSA and pursuant to 29 U.S.C. § 216(b);

C. Directing Defendants, at their own expense, to investigate and account for the number of hours actually worked by Plaintiffs and the putative collective members per week, and if Defendants failed to keep accurate records in accordance with Ohio Law, Plaintiffs and the SSPs are entitled to prove their hours worked with reasonable estimates;

E. Awarding to the Plaintiffs and the SSPs unpaid compensation, including overtime wages as to be determined at trial together with any liquidated damages allowed by the FLSA;

F. Awarding to the Plaintiffs and the SSPs unpaid compensation, including overtime wages as to be determined at trial together with any liquidated damages allowed by Ohio Law;

G. Awarding Plaintiffs and the SSPs costs and disbursements and reasonable allowances for fees of counsel and experts, and reimbursement of expenses;

H. Awarding Plaintiffs and the SSPs such other and further relief as the Court deems just and proper;

I. Issuing an injunction prohibiting Defendants from engaging in present, ongoing and future violations of the FLSA and Ohio Law;

J. Granting the Plaintiffs leave to amend to file additional claims for relief or different causes of action should information become available through investigation and discovery; and

10

K. Rendering a judgment against Defendants for all damage, relief, or any other recovery whatsoever.

Respectfully submitted,

/s/ Angela J. Gibson
Angela J. Gibson (0080928)
Brian G. Greivenkamp (0095918)
**GIBSON LAW, LLC**
9200 Montgomery Rd., Suite 11A
Cincinnati, OH 45242
(*angela@gibsonemploymentlaw.com*)
(*brian@gibsonemploymentlaw.com*)
Ph: (513) 834-8254

*Counsel for Plaintiffs*

## JURY DEMAND

Plaintiffs demand a jury trial by the maximum persons permitted by law on all issues herein triable to a jury.

/s/ Angela J. Gibson
Angela J. Gibson (0080928)