# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

James Moyer, *et al.*,

        Plaintiffs,                Case No. 3:19-cv-198

v.                                  Judge Thomas M. Rose

Integrity Service Group, LLC, *et al.*,

        Defendants.

___

**ENTRY AND ORDER GRANTING PLAINTIFFS' MOTION FOR CONDITIONAL CLASS CERTIFICATION AND COURT-SUPERVISED NOTICE TO POTENTIAL OPT-IN PLAINTIFFS. ECF 7.**

___

This matter is before the Court on Plaintiffs' Motion for Conditional Class Certification, and Court-Supervised Notice to Potential Opt-In Plaintiffs. ECF 7. Plaintiffs have moved the Court, pursuant to Federal Rules of Civil Procedure 26(b), 37(a), and 83(b) and Section 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §216(b), for an order: (i) conditionally certifying the proposed FLSA class; and, (ii) implementing a procedure whereby Court-approved Notice of Plaintiffs' FLSA claim can be promptly sent to all potential opt-in plaintiffs.

Plaintiffs, janitors who worked for Defendants, allege Defendants failed to pay them and a class of similarly-situated janitors overtime wages for years. The group of similarly-situated janitors includes all current and former employees of Defendants who have worked as janitors from June 28, 2016 through the present and who were not paid time and a half their regular rate of pay for the hours they worked over 40. Rather, Defendants allegedly paid the janitors straight time, even for hours worked beyond forty hours in a workweek.

Plaintiffs seek an order conditionally certifying a collective action for unpaid overtime wages under the FLSA, 29 U.S.C. § 216(b), defined as:

> any Janitor currently or formerly working for Integrity Service Group, LLC, Deanna Church, and/or Rex Church, between the time period of June 28, 2016 and the present who was classified as either an exempt employee or a contractor and was not paid time-and-a-half for all hours worked in excess of 40 per workweek.

ECF 7-3, PageID 39.

The collective action provisions of the FLSA, 29 U.S.C. § 216(b), authorize a trial court to issue court-supervised notice to potential class members. In *Hoffmann–La Roche, Inc. v. Sperling*, 493 U.S. 165 (1989), the Court reasoned that the class action provision of the FLSA conferred upon trial courts the authority to manage the process of joining additional parties. 493 U.S. at 169–73. District court rulings on certifications of FLSA class actions are reviewed for an abuse of discretion. *White v. Baptist Memorial Health Care Corp.*, 699 F.3d 869, 873 (6th Cir. 2012).

There is a two-tiered process for notice to an FLSA class: first a conditional certification stage, followed by a decertification stage after the close of discovery. Id. In the conditional certification stage, a plaintiff's burden is to show the existence of other employees who appear to be similarly-situated in both their job duties and the employer's treatment of their entitlement to overtime pay. See, e.g., *Theissen v. General Electric Cap. Corp.*, 267 F.3d 1095, 1103 (10th Cir. 2001); *Mooney v. Aramco Services Co.*, 54 F.3d 1207, 1214 (5th Cir. 1995). This determination is distinct from the merits of the named plaintiffs' claims. *Theissen*, 267 F.3d at 1106–07. In the conditional certification stage, a liberal standard for measuring similarly-situated employees is used. *Hipp*, 252 F.3d at 1208. Accord *Mooney v. Aramco Services Co.*, 54 F.3d 1207, 1214 (5th

Cir. 1995) ("lenient standard").

In the instant case, Plaintiffs have brought their unpaid wage claims individually and on behalf of similarly situated employees, seeking conditional certification of and notice to members. The allegations in the Complaint and Plaintiffs' declarations agree that Defendants staff share similar primary job duties and responsibilities and are alleged to be victims of the same policy, decision and practice to deny them overtime pay. While Defendants assert that the named Plaintiffs were supervisors, Plaintiffs allege that they were paid on an hourly basis without overtime compensation.

Notice must be "timely, accurate, and informative." *Hoffmann-La Roche*, 493 U.S. at 172. Plaintiffs' proposed Notice and Consent to Join form is accurate and informative. Both the proposed Notice and Consent to Join form advises putative collective members of the pending litigation, describes the legal and factual bases of Plaintiffs' claims, informs collective members of the right to opt in and that participation in the lawsuit is voluntary, and provides instructions on how to opt in. See ECF 7-3.

In order to accurately, efficiently, and quickly facilitate the Court-authorized Notice and Consent to Join form, the Court orders Defendants to produce to Plaintiffs' counsel a list of all putative class members, including their names, positions of employment, last-known mailing addresses, last-known telephone numbers, email addresses, work locations, and dates of employment. Defendants are to provide this information to Plaintiffs' counsel within 14 days of the Court's Order granting this Motion.

Plaintiffs' Motion for Conditional Class Certification, and Court-Supervised Notice to Potential Opt-In Plaintiffs, ECF 7, is **GRANTED**. Plaintiffs' proposed FLSA class is

**CERTIFIED** and Plaintiffs' proposed Notice of FLSA claim, ECF 7-3, is **APPROVED**.

Plaintiffs are **ORDERED** to propose a procedure whereby notification of Plaintiffs' FLSA claim will be sent to all potential opt-in plaintiffs.

**DONE** and **ORDERED** in Dayton, Ohio, this Thursday, January 9, 2020.

s/Thomas M. Rose
_____
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE
