# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| **JAMES MOYER, et al.** | : | |
| | : | Case No.: 3:19-cv-00198 |
| **Plaintiffs,** | : | |
| | : | |
| v. | : | Judge Thomas M. Rose |
| | : | |
| **INTEGRITY SERVICE GROUP, LLC, et al.** | : | |
| | : | |
| **Defendants.** | : | |
| | : | |

## PARTIES' JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT

Plaintiffs James Moyer and Karen Moyer ("Plaintiffs") and Defendants Integrity Service Group, LLC, Deanna Church, and Rex Church (collectively, "Defendants") (collectively with Plaintiffs, "Parties") ask that the Court: (1) grant final approval of the settlement reached by the Parties and memorialized in the Settlement Agreement; and (2) dismiss this case with prejudice as to Plaintiffs' claims against Defendants. A copy of the Parties' Settlement Agreement is attached hereto as Exhibit A, Declaration of Bradly L. Gibson as Exhibit B, and a Proposed Order is attached hereto as Exhibit C. A Memorandum in Support of this Motion follows below.

Respectfully submitted,

| | |
|---|---|
| */s/ Bradley L. Gibson* | */s/ David M. Duwel (per email authorization)* |
| Bradley L. Gibson (0085196) | David M. Duwel (#029583) |
| Angela J. Gibson (#0080928) | 130 W. Second Street, Suite 2101 |
| GIBSON LAW, LLC | Dayton, Ohio 45042 |
| 9200 Montgomery Road, Suite 11A | Telephone: 937.297.1154 |
| Cincinnati, OH 45242 | Facsimile: 937.297.1152 |
| Telephone: 513.834.8254 | E-mail: david@duwellaw.com |
| E-mail: angela@gibsonemploymentlaw.com | |
| brad@gibsonemploymentlaw.com | *Attorney for Defendants* |
| *Attorneys for Plaintiffs* | |

**MEMORANDUM IN SUPPORT OF**
**PARTIES' JOINT MOTION FOR SETTLEMENT APPROVAL**

I. **INTRODUCTION**

Plaintiffs James Moyer and Karen Moyer ("Plaintiffs") initially brought this action asserting wage and hour claims against Defendants Integrity Service Group, LLC, Deanna Church, and Rex Church (collectively, "Defendants') (collectively with Plaintiffs, "Parties").[1] The claims were premised upon Defendants' alleged failure to properly compensate Plaintiffs for all overtime hours worked as required by the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA") and the Ohio Minimum Fair Wage Standards Act, O.R.C. Chapter 4111 ("OMFWSA"). The Defendants raised several defenses to Plaintiffs' allegations, including that: (1) Plaintiffs were exempt from the FLSA overtime requirements during either all or part of their employment; (2) Plaintiffs did not work the overtime hours they alleged; and, (3) Plaintiffs were not entitled to a three-year-look-back period and/or liquidated damages under the FLSA because the Defendants did not act "willful" as that term is defined by the FLSA.

Further, Defendants brought counterclaims against Plaintiffs. Defendants asserted claims of tortious interference with business relationships and unfaithful servants based upon the claim that the Plaintiffs tried to encourage one of Defendants' major clients to stop using Defendants for

---

[1] The Court granted Plaintiffs' Motion for Conditional Certification on January 10, 2020. See ECF #14. Six individuals (hereinafter "Opt-In Plaintiffs") joined the lawsuit as opt-in plaintiffs by completing the opt-in notices and having Plaintiffs file them on their behalf. See ECF #16 & 17. During discovery, Defendants produced timesheets and pay records that show the Opt-In Plaintiffs did not work anywhere close to 40 hours during a workweek which they worked for Defendants. Accordingly, the Opt-In Plaintiffs are not entitled to compensation for unpaid overtime under the FLSA. Counsel confirmed with the Opt-In Plaintiffs that they could not remember working more than 40 hours in any workweek. The fact that all the Opt-In Plaintiffs did not work overtime hours is unsurprising given that, sometime after the Plaintiffs sent their demand letter to Defendants, the Defendants conducted an audit and paid overtime payments to all former and current employees whom Defendants failed to pay overtime payments. Defendants failed to pay the Plaintiffs overtime payments because, despite the timesheets showing they worked overtime hours, Defendants claim, as set forth in more detail below, that the Plaintiffs are exempt employees under the FLSA. Given that the Opt-In Plaintiffs have no overtime claims against Defendants, their claims against Defendants were voluntarily dismissed without prejudice. See ECF #28.

cleaning services. Defendants also asserted claims of civil theft against Plaintiffs based upon the claim that Plaintiffs stole cleaning supplies and other materials from Defendants.

The Parties engaged in extensive written discovery for the purposes of allowing the Parties to understand their respective arguments on important factual and legal issues. Additionally, Plaintiffs deposed a number of Defendants' witnesses. The Parties reached a final resolution of all claims by Plaintiffs and Defendants through a day-long mediation facilitated by Michael Hawkins, who is an experienced mediator and is very knowledgeable about the FLSA. The Parties request that the Court approve the Parties' proposed settlement because it is fair, reasonable, and was reached through arm's-length negotiations involving heavily disputed issues of law and fact.

## II. SETTLEMENT AGREEMENT TERMS

The material terms reflected in the attached Settlement Agreement ("Agreement") (attached hereto as "Exhibit A") provide for payment by Defendants reflecting a compromise of Plaintiffs' alleged damages for the time periods in which Plaintiffs can potentially collect compensation in this action under the FLSA and OMFWSA. The Agreement directs that Defendants will pay a total sum of $60,000.00 to the Plaintiffs and their legal counsel, which will be allocated as follows:

(1) One payment to Karen Moyer in the amount of **Seven Thousand, Six Hundred, Eighty-One Dollars, and Twenty-Five Cents ($7,681.25)** representing unpaid overtime damages. A second payment to Karen Moyer in the amount of **Eight Thousand Seven Hundred and Fifty Dollars ($8,750.00)** representing liquidated damages.

(2) One payment to James Moyer in the amount of **Seven Thousand, Six Hundred, Eighty-One Dollars, and Twenty-Five Cents ($7,681.25)** representing unpaid

overtime damages. A second payment to James Moyer in the amount of **Eight Thousand Seven Hundred and Fifty Dollars ($8,750.00)** representing liquidated damages.

(3) Payment to Gibson Law, LLC in the amount of **Twenty-Seven Thousand, One Hundred, Thirty-Seven Dollars and Fifty Cents ($27,137.50)** representing attorneys' fees and costs associated with bringing this action.

The Agreement also provides that Defendants will release any and all claims they may have against the Plaintiffs and agree to dismiss their counterclaims against Plaintiffs with prejudice and on the merits.

In exchange for the monetary and other consideration recited in the Agreement, Plaintiffs hereby agree to dismiss their claims against Defendants with prejudice and on the merits. The Agreement contains a general release of claims by Plaintiffs against Defendants and shall be signed by each Plaintiff.

Plaintiffs also release and covenant not to sue Defendants from any matter arising out of or in any way related, directly or indirectly, to Plaintiffs' employment with Defendants, Plaintiffs' compensation and/or the termination thereof, the Released Claims, or with respect to any other transaction, event or occurrence pre-dating the date of this Agreement, whether now known or unknown, including, but not limited to, any claim of breach of contract, wrongful discharge, intentional infliction of emotional distress, retaliation and/or employment discrimination, whether in tort or in contract, any statutory or common law claim for attorneys' fees, any claim for interest on the amounts due hereunder, or any other claim under present or future federal, state or local statute or law, including, but not limited to, the Worker Adjustment and Retraining Notification Act, 29 U.S.C. §2101, *et seq.*; Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq.*;

the Age Discrimination in Employment Act, 29 U.S.C. §621, *et seq.* ("ADEA"); the Civil Rights Act of 1866, 42 U.S.C. §1981; the Civil Rights Act of 1991, P.L. 102-166; the Americans With Disabilities Act, 42 U.S.C. §12101, *et seq.*; the Fair Labor Standards Act of 1938, 29 U.S.C. §201, *et seq.*; the Equal Pay Act, 29 U.S.C. §206(d); the Lilly Ledbetter Fair Pay Act, Public Law No. 111-2; the Family and Medical Leave Act of 1993, 29 U.S.C. §2601, *et seq.*; the Occupational Safety and Health Act of 1970, 29 U.S.C. §553, *et seq.*; the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001, *et seq.*; the Consolidated Omnibus Budget Reconciliation Act of 1986, 29 U.S.C. §1161, *et seq.*; the National Labor Relations Act, 29 U.S.C. §151, *et seq.;* and any statutory amendments, R.C. Chapters 4111 and 4112; and Ohio Constitution Art. II, §§34 and 34a.

### III. <u>LAW AND ARGUMENT</u>

#### A. <u>Proposed Settlement Amount is a Fair and Reasonable Resolution of a Bona Fide Dispute of FLSA Violations Between Plaintiffs and Defendants.</u>

Approval of the settlement under 29 U.S.C. § 216(b) is appropriate and is warranted in this case. Court approval of FLSA settlements is appropriate when reached as a result of contested litigation to resolve bona fide disputes. <u>Lynn's Food Stores, Inc. v. United States</u>, 679 F.2d 1350, 1358, fn.8 (11th Cir. 1982). Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement. <u>Id</u>. at 1353-1354. The Court should also consider the following factors: the risk of fraud or collusion, the complexity, expense, and likely duration of the litigation, the amount of discovery completed, the likelihood of success on the merits, and the public interest in settlement. <u>Crawford v. Lexington–Fayette Urban Cnty. Gov.</u>, 2008 WL 4724499, at *3 (E.D. Ky. Oct. 23, 2008) (citing <u>Int'l Union, United Auto., Aerospace, and Agr. Workers of Am. v. Gen. Motors Corp.</u>, 497 F.3d 615, 631 (6th Cir. 2007)). If the proposed settlement reflects a reasonable compromise over contested issues, a court should approve the settlement. <u>Id.</u> at 1354. In the instant matter, the settlement was a result of an arm's-

6

length negotiation between competent Plaintiffs' and Defendants' legal counsel experienced in FLSA litigation during a day-long mediation.

Defendants provide commercial cleaning services to companies by staffing and managing their employees to clean at the locations of the companies. During the relevant time periods, Plaintiffs claim that Defendants failed to pay them overtime premium pay they were due under the FLSA while cleaning at the accounts of Defendants.

Plaintiffs claim that they were entitled to overtime premium pay from June 2016 through December 2018 because they claim that Defendants paid them straight-time for all hours worked, rather than overtime premium pay for hours over 40 they worked in each workweek. Plaintiffs claim that their pay records and timesheets show that Plaintiff Karen Moyer was entitled to $12,251.38 in unpaid overtime during that time and Plaintiff James Moyer was entitled to $12,057.50 in unpaid overtime during that time. Plaintiffs also claim that they are entitled to an equal amount in liquidated damages allowed under the FLSA.

Defendants dispute that the Plaintiffs are entitled to unpaid overtime and liquidated damages during that time for several reasons. First, Defendants claim that the hours listed on Plaintiffs' timesheets do not accurately reflect the hours the Plaintiffs actually worked during that time, identifying numerous witnesses Defendants' claim will testify to that fact. Second, Defendants claim that the Plaintiffs are not entitled to unpaid overtime and liquidated damages from June 2016 through June 2017 because they assert that Plaintiffs cannot show Defendants acted "willful" as that term is defined by the FLSA, which is required for the Plaintiffs to collect damages during that time. Third, Defendants claim the Plaintiffs cannot succeed on unpaid overtime claims during that period because they are exempt employees under the FLSA.

The Plaintiffs claim that they are entitled to unpaid overtime claims from January 2018 through November 2018 because they continued to not receive overtime premium pay during that time. Plaintiff Karen Moyer claims that she was entitled to overtime premium pay because, despite the fact that Defendants started paying her a set bi-weekly amount in January 2018 if she worked her scheduled hours, she claims that Defendants failed to pay her on a salary basis because Defendants failed to pay her the set amount during certain bi-weekly periods that she did not work her full scheduled hours. Plaintiff Karen Moyer claims that Defendants' failure to pay her a predetermined, guaranteed amount during those weeks means that she was not an exempt employee during that time. Similarly, Plaintiff James Moyer claims that he was entitled to overtime premium pay during that time because, even though Defendants began paying him a set bi-weekly amount in January 2018 for working his scheduled hours, he claims that he was not paid on the requisite salary basis, and he did not perform the requisite duties to fall within the executive exemption.

Defendants dispute that Plaintiffs are entitled to unpaid overtime and liquidated damages for the period of January 2018 through November 2018. First, Defendants claim that the Plaintiffs have failed to present any evidence that demonstrates the Plaintiffs were not paid on a salary basis during that time. Second, Defendants dispute Plaintiff James Moyer's claim that he did not perform the requisite duties to fall within the FLSA's executive exemption. Defendants have presented witness statements and testimony indicating that Plaintiff James Moyer performed managerial duties throughout the relevant periods. Third, Defendants claim that the Plaintiffs did not work the overtime hours claimed by the Plaintiffs, providing witness testimony to support that claim. Fourth, Defendants claim that the Plaintiffs cannot show Defendants acted "willful."

In light of the Parties' respective positions, the parties have agreed to resolve their claims pursuant to the requirements set forth in the Agreement. The settlement is a fair, just, and adequate resolution of the claims at issue, especially considering the necessary time and expense to further litigate this case. As counsel for the Parties well understand, litigation is an inherently risky and lengthy process. Discovery in this action, which has included extensive written discovery and depositions, will continue to be time consuming and complex, as this case involves approximately 15 more witnesses who will need to be deposed regarding Plaintiffs' job duties and hours worked, along with witnesses regarding Defendants' counterclaims against the Plaintiffs.

Through the discovery that has been conducted thus far and the settlement negotiations, the Parties spent significant time discussing each side's respective claims and defenses, demonstrating significant material factual disputes and differences in the interpretation of the law. Absent settlement, final adjudication of Plaintiffs' claims may take several years, as the Parties would have to engage in discovery regarding each of the Plaintiffs' duties and the number of hours worked, elicit testimony of potential expert witnesses, file a number of different motions, and conduct a trial. The Parties have thus entered into the Agreement to avoid the necessity, expense, inconvenience, and uncertainty of litigation.

Plaintiffs pursuing their unpaid overtime claims will be very time consuming and costly given the types of evidence that they will need to rely upon to prevail. For example, as discussed, Defendants have provided witness testimony and identified approximately 15 more witnesses who purportedly will claim that the Plaintiffs performed managerial duties throughout the Plaintiffs' employment and did not work the overtime hours claimed. Additionally, Defendants' counterclaims will require even more depositions of third-party witnesses.

Accordingly, in light of the contested factual and legal issues involved, the expense and time necessary to prosecute the action through trial, the risks and costs of further prosecution of the action, the uncertainties of complex litigation, and the benefits to be received pursuant to the Agreement, the Agreement is fair, reasonable, and in the best interests of the respective Parties and the Court should therefore approve it.

B. **The Attorneys' Fees Requested by Plaintiffs Are Reasonable.**

"The FLSA provides for award of reasonable attorney fees and costs in addition to any judgment awarded to the plaintiff." Morse v. Complete Wiring Concepts, LLC, 2018 U.S. Dist. LEXIS 105839 (S.D. Ohio, 2018) (citing See 29 U.S.C. § 216(b)). The general approach to determining reasonable attorney fee is to first calculate the lodestar amount by multiplying the reasonable number of hours billed by a reasonable billing rate. Rater v. Rix Energy Servs., LLC, 2017 U.S. Dist. LEXIS 221328, *5 (S.D. Ohio, Nov. 28, 2017). "There is a strong presumption that the lodestar represents the reasonable fee." Id. (citing Citizens Against Pollution v. Ohio Power Co., 484 F. Supp. 2d 800, 808 (S.D. Ohio 2007)).

Here, the amount of attorneys' fees requested is reasonable because it is below the lodestar amount. Plaintiffs' counsel spent total of 129.20 hours working on this matter at the highest rate requested of $350.00, which is reasonable for partner rate. (Declaration of Bradley L. Gibson, ¶7).[2] Additionally, Plaintiffs incurred $4,275.00 in costs thus far. Accordingly, Plaintiffs' request for $27,137.50 in attorneys' fees and costs is more than reasonable.

---

[2] Declaration of Bradley L. Gibson is attached hereto as Exhibit C.

10

## IV. CONCLUSION

For all of the above reasons, the Parties respectfully request that the Court approve the Parties' executed Agreement and enter the proposed order dismissing the Plaintiffs' action in its entirety, with prejudice.

Respectfully submitted,

| | |
|---|---|
| */s/ Bradley L. Gibson* | */s/ David M. Duwel (per email authorization)* |
| Bradley L. Gibson (0085196) | David M. Duwel (#029583) |
| Angela J. Gibson (#0080928) | 130 W. Second Street, Suite 2101 |
| GIBSON LAW, LLC | Dayton, Ohio 45042 |
| 9200 Montgomery Road, Suite 11A | Telephone:  937.297.1154 |
| Cincinnati, OH  45242 | Facsimile:  937.297.1152 |
| Telephone:  513.834.8254 | E-mail:  david@duwellaw.com |
| E-mail:  angela@gibsonemploymentlaw.com | |
|   brad@gibsonemploymentlaw.com | *Attorney for Defendants* |
| *Attorneys for Plaintiffs* | |

**CERTIFICATE OF SERVICE**

I hereby certify that on this 19th of August 2021, I caused the foregoing document to be filed electronically with this Court, where it is available for viewing and downloading from the Court's ECF system, and that such electronic filing automatically generates a Notice of Electronic Filing constituting service of the filed document, upon all counsel of record. An additional copy of this filing has been delivered via email to the counsel of record.

                                                  /s/ Bradley L. Gibson
                                                  Bradley L. Gibson (0085196)