UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

**James Moyer, et al.,**

  *Plaintiffs,*            Case No. 3:19-cv-198

v.                   Judge Thomas M. Rose

**Integrity Service Group, LLC,** *et al.***,**

  *Defendants.*

---

**ENTRY AND ORDER GRANTING JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT, ECF 29, AND TERMINATING CASE.**

---

  This matter is before the Court on the parties' Joint Motion for Approval of Settlement Agreement. ECF 29. Because Plaintiffs' complaint includes claims filed under the Fair Labor Standard Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, Court approval is required. *Steele v. Staffmark Invs., LLC*, 172 F. Supp. 3d 1024, 1026 (W.D. Tenn. 2016) ("FLSA settlements require approval by either the Department of Labor or a court.") (citing *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015) For the reasons that follow, the settlement will be approved and the parties' joint motion granted.

**I.  APPLICABLE LAW**

  "Employees are guaranteed certain rights by the FLSA, and public policy requires that

these rights not be compromised by settlement.*" Crawford v. Lexington–Fayette Urban Cnty. Gov.*, 2008 WL 4724499, at *2 (E.D. Ky. Oct. 23, 2008). "The central purpose of the FLSA is to protect covered employees against labor conditions 'detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers.'" *Id.* (quoting 29 U.S.C. § 202). The provisions of the FLSA are mandatory and, except in two narrow circumstances, are generally not subject to bargaining, waiver, or modification by contract or settlement. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353–53 (11th Cir. 1982). The first exception involves FLSA claims that are supervised by the Secretary of Labor pursuant to 29 U.S.C. § 216(c). *Lynn's Foods, Inc.*, 679 F.2d at 1533. The second exception, applicable here, encompasses instances in which federal district courts approve settlement of suits brought in federal district court pursuant to § 16(b) of the FLSA. *Id.* *2.

In reviewing the settlement of a federal plaintiff's FLSA claims, the district court must "'ensure that the parties are not, via settlement of [the] claims, negotiating around the clear FLSA requirements of compensation for all hours worked, minimum wages, maximum hours, and overtime.'" *Rotuna v. W. Customer Mgmt. Group LLC*, 2010 WL 2490989 (N.D. Ohio June 15, 2010) (quoting *Collins v. Sanderson Farms, Inc.*, 568 F. Supp. 2d 714, 719 (E.D. La. 2000). The existence of a *bona fide* dispute serves as a guarantee that the parties have not manipulated the settlement process to permit the employer to avoid its obligations under the FLSA. *Id.* (citing *Crawford*, 2008 WL 4724499, at *3). The Court should also consider the following factors: the risk of fraud or collusion, the complexity, expense, and likely duration of the litigation, the amount of discovery completed, the likelihood of success on the merits, and the public interest in

settlement. *Crawford*, 2008 WL 4724499, at *3 (citing *Int'l Union, United Auto., Aerospace, and Agr. Workers of Am. v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007)). In addition, where the settlement agreement proposes an award of attorney's fees, such fees must be reasonable. See generally *Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir. 1999) (citing *Blum v. Stenson*, 465 U.S. 886, 893 (1984)). In class actions, courts should also consider the opinion of class counsel and class representatives and the reaction of absent class members. *Id.*

## II. ANALYSIS

Plaintiffs are janitors who worked for Defendants who failed to pay them overtime wages for years. Defendants provide commercial cleaning services to companies by staffing and managing their employees to clean at the locations of the companies. During the relevant time periods, Plaintiffs claim that Defendants failed to pay them overtime premium pay they were due under the FLSA while cleaning at the accounts of Defendants.

Plaintiffs claim that they were entitled to overtime premium pay from June 2016 through December 2018 because they claim that Defendants paid them straight-time for all hours worked, rather than overtime premium pay for hours over 40 they worked in each workweek. Plaintiffs claim that their pay records and timesheets show that Plaintiff Karen Moyer was entitled to $12,251.38 in unpaid overtime during that time and Plaintiff James Moyer was entitled to $12,057.50 in unpaid overtime during that time. Plaintiffs also claim that they are entitled to an equal amount in liquidated damages allowed under the FLSA.

Defendants dispute that the Plaintiffs are entitled to unpaid overtime and liquidated damages during that time.

Plaintiffs claim that they are entitled to unpaid overtime claims from January 2018 through

3

November 2018 because they continued to not receive overtime premium pay during that time. Plaintiff Karen Moyer claims that she was entitled to overtime premium pay because, despite the fact that Defendants started paying her a set bi-weekly amount in January 2018 if she worked her scheduled hours, she claims that Defendants failed to pay her on a salary basis because Defendants failed to pay her the set amount during certain bi-weekly periods that she did not work her full scheduled hours. Plaintiff Karen Moyer claims that Defendants' failure to pay her a predetermined, guaranteed amount during those weeks means that she was not an exempt employee during that time. Similarly, Plaintiff James Moyer claims that he was entitled to overtime premium pay during that time because, even though Defendants began paying him a set bi-weekly amount in January 2018 for working his scheduled hours, he claims that he was not paid on the requisite salary basis, and he did not perform the requisite duties to fall within the executive exemption.

Defendants dispute that Plaintiffs are entitled to unpaid overtime and liquidated damages for the period of January 2018 through November 2018.

The Parties' Settlement Agreement directs Defendants to pay a total sum of $60,000.00 to the Plaintiffs and their legal counsel, which will be allocated as follows:

> (1) One payment to Karen Moyer of $7,681.25, representing unpaid overtime damages. A second payment to Karen Moyer of $8,750.00) representing liquidated damages.
>
> (2) One payment to James Moyer of $7,681.25, representing unpaid overtime damages. A second payment to James Moyer of $8,750.00, representing liquidated damages.
>
> (3) Payment to Gibson Law, LLC of $27,137.50, representing attorneys' fees and costs associated with bringing this action.

The Agreement also provides that Defendants will release any and all claims they may have against the Plaintiffs and agree to dismiss their counterclaims against Plaintiffs with prejudice

4

and on the merits. Plaintiffs agree to dismiss their claims against Defendants with prejudice and on the merits. Plaintiffs release and covenant not to sue Defendants from any matter arising out of or in any way related, directly or indirectly, to Plaintiffs' employment with Defendants, or with respect to any other transaction, event or occurrence pre-dating the date of the Agreement.

The totality of the settlement circumstances supports this Court approving the Parties' proposed settlement as fair and reasonable. First, there is no evidence of any fraud or collusion. Counsel worked closely with their clients. Second, as alluded to above, the parties engaged in extensive written discovery, but much would remain to bring their claims to fruition.

In light of the contested factual and legal issues involved, the expense and time necessary to prosecute the action through trial, the risks and costs of further prosecution of the action, the uncertainties of complex litigation, and the benefits to be received pursuant to the Agreement, the Agreement is fair, reasonable, and in the best interests of the respective Parties and the Court will therefore approve it.

"The FLSA provides for award of reasonable attorney fees and costs in addition to any judgment awarded to the plaintiff." *Morse v. Complete Wiring Concepts, LLC*, 2018 U.S. Dist. LEXIS 105839 (S.D. Ohio, 2018) (citing See 29 U.S.C. § 216(b)). The general approach to determining reasonable attorney fee is to first calculate the lodestar amount by multiplying the reasonable number of hours billed by a reasonable billing rate. *Rater v. Rix Energy Servs., LLC*, 2017 U.S. Dist. LEXIS 221328, *5 (S.D. Ohio, Nov. 28, 2017). "There is a strong presumption that the lodestar represents the reasonable fee." Id. (citing *Citizens Against Pollution v. Ohio Power Co.*, 484 F. Supp. 2d 800, 808 (S.D. Ohio 2007)).

Here, the amount of attorneys' fees requested is reasonable because it is below the lodestar

amount. Plaintiffs' counsel spent total of 129.20 hours working on this matter at the highest rate requested of $350.00, which is reasonable for partner rate. Additionally, Plaintiffs incurred $4,275.00 in costs thus far. Accordingly, Plaintiffs' request for $27,137.50 in attorneys' fees and costs is reasonable.

Having reviewed Joint Motion for Approval of Settlement Agreement, ECF 29, and the pleadings and papers on file in this action, and for good cause established therein, the Court enters this **ORDER** approving the Settlement Agreement. The case is **TERMINATED** on the dockets of the United States District Court, Western Division at Dayton.

**DONE** and **ORDERED** in Dayton, Ohio, this Thursday, September 23, 2021.

s/Thomas M. Rose
_____
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE